RAFAEL MALDONADO, Plaintiff and Appellant, *v.* CECILIO RIVERA FIGUEROA ET AL., Defendants and Appellees.

No. 10590. Argued November 15, 1951.—Decided November 30, 1951.

*Aníbal Padilla* for appellant. *Frank Torres* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Once more we are confronted with the problem of determining whether an unlawful detainer suit was properly brought in the district court or whether it should have been brought in the municipal court. After a trial on the merits, the district court, where the suit was originally filed, made the following findings of fact:

The plaintiff, the owner of a 115 *cuerda* farm, made a verbal agreement with Cecilio Rivera Figueroa to rent the farm to the latter for five years at an annual rental of $400, paid in advance. The parties agreed that the contract would be reduced to writing when Rivera Figueroa paid the plaintiff the sum of $1,200, as he had already paid the plaintiff $800 at the time of the oral agreement. When the written contract was executed, Cecilio Rivera Figueroa was unable to pay the remaining $1,200.

The plaintiff gave Rivera Figueroa a 30 day extension to make this payment. After this period of 30 days had expired, Rivera Figueroa advised the plaintiff that he could not pay the $1,200 and requested that the written contract be modified orally to reduce the lease to two years, the period for which the rent had already been paid in advance.

Rivera Figueroa and Manuel Rivera executed a written sublease of the farm in question on April 28, 1950, 9 months after the lease of the property by the plaintiff to Rivera Figueroa. At this point the district court stated that it makes no finding of fact as to the term of the sublease, as this is unnecessary to decide the case.

On June 13, 1951 the plaintiff, accompanied by Rivera Figueroa, went to the farm and in the presence of Manuel Rivera, the former asked the plaintiff if the latter was willing to continue with Manuel Rivera as a tenant at the conclusion of the two year lease as orally modified by the plaintiff and Rivera Figueroa. The plaintiff stated that he did not wish to do that and in addition he informed Manuel Rivera that only one month remained, which would expire on July 13, 1951, for him to remain on the farm, as the modified contract between the plaintiff and Rivera Figueroa would expire on that day. This period expired and Manuel Rivera refused to vacate the premises, stating that he was entitled to remain there for the entire period of five years originally agreed on between the plaintiff and Rivera Figueroa, from whom Manuel Rivera obtained his sublease.

On the basis of these facts, the district court dismissed the suit for lack of jurisdiction. Manuel Rivera has filed a brief before this Court as appellee, but Rivera Figueroa has not. The only substantial question raised by the appellant is the issue of jurisdiction. The record does not contain a transcript of the evidence. We must therefore accept the findings of fact of the lower court. These findings are that the lessee had a two year lease. However, before

the period of this lease had expired, the sublessee went into possession under a valid oral sublease. See § 1440, Civil Code, 1930 ed.[1] The landlord knew of this sublease and of the possession of the sublessee before the original lease expired. Under those circumstances, the appellee Manuel Rivera was not a tenant at sufferance. And since the rental was less than $1,000 per annum, the district court properly held that it had no jurisdiction. See *Padua* v. *Municipal Court*, 55 P.R.R. 781; *Sucn. J. Serrallés* v. *Loyola*, 67 P.R.R. 201. *Cf. Miranda* v. *Jarabo*, 64 P.R.R. 855.

The appellant relies among other cases on *Ruiz* v. *Martínez*, 55 P.R.R. 670. The *Ruiz* case is distinguishable. There the original lease was terminated and the defendant claimed that thereafter he entered into a sublease and obtained possession. Under those circumstances, the alleged sublessee was in the same position as if he had contracted with a person who had never been in possession of the property and was therefore an occupant at sufferance. But here, as already noted, immediately prior to the filing of the suit the appellee was validly in possession with the knowledge of the landlord under a valid sublease. Although the landlord was entitled to oust the appellee if the original lease was only for two years, the sublessee under these circumstances stood in the shoes of the original lessee and was therefore not an occupant at sufferance.

The appellant also relies on a number of recent cases which do not apply here. We therefore see no purpose in discussing them. *Cf. Torres Bonilla et al.* v. *Biaggi, ante,* p. 813.

The judgment of the district court will be affirmed.

---

[1] *Cf.* Section 4 of Act No. 464, Laws of Puerto Rico, 1946, as amended by Act No. 201, Laws of Puerto Rico, 1948, which does not apply to the 115 *cuerda* farm involved herein.